**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

MICROAIRE SURGICAL INSTRUMENTS LLC,

Plaintiff,

v.

LIPOSALES, INC.,

Defendant.

Civil Action No. _____

Jury Demand

**COMPLAINT**

Plaintiff MicroAire Surgical Instruments LLC, by the undersigned counsel, hereby states

and alleges its Complaint against Defendant LipoSales, Inc. for patent infringement, trademark

infringement, and unfair competition as follows:

**I.      THE PARTIES**

**Plaintiff MicroAire Surgical Instruments LLC**

1.      Plaintiff MicroAire Surgical Instruments LLC ("MicroAire") is a Delaware limited

liability company having its principal place of business located at 3590 Grand Forks Boulevard,

Charlottesville, Virginia 22911. MicroAire is an associate company of Colson Associates, Inc.

("Colson Associates"), a privately-held Delaware corporation headquartered in Chicago, Illinois,

which is the managing member of MicroAire.

**Defendant LipoSales, Inc.**

2.      On information and belief, Defendant LipoSales, Inc. is a New York corporation

having its principal place of business located at 453 Main Street, Suite 3, Farmingdale, New

York 11735.

## II.      NATURE OF THE ACTION

3.      This is a civil action for infringement of United States Patent Nos. 5,911,700 and 6,139,518, which is brought pursuant to the Patent Act, 35 U.S.C. § 281.  MicroAire seeks injunctive relief, compensatory damages, the trebling of damages, costs, and attorneys' fees as set forth below.  *See* 35 U.S.C. §§ 283-85.

4.      This civil action also alleges infringement of U.S. Trademark Registration Nos. 4,028,959, 4,028,958, 3,676,034, 3,091,920, 1,717,856 and 1,121,370, and unfair competition under the Trademark Act. *See* 15 U.S.C. §§ 1114, 1125. MicroAire seeks injunctive relief, compensatory damages, the trebling of damages, costs, and attorneys' fees as set forth below. *See* 15 U.S.C. §§ 1116-17.

## III.      JURISDICTION AND VENUE

### Subject-Matter Jurisdiction

5.      This Court has subject-matter jurisdiction over the patent infringement claim in this action, based on the Court's "original jurisdiction of any civil action arising under any Act of Congress relating to patents," 28 U.S.C. § 1338(a), and the existence of a Federal question. *See* 28 U.S.C. § 1331.

6.      The Court has subject-matter jurisdiction over the trademark infringement claim in this action, based on the Court's original jurisdiction in any civil action arising under the Trademark Act, 15 U.S.C. § 1121, and the existence of a Federal question. *See* 28 U.S.C. § 1331.

### Venue

7.      Venue is proper in the Charlottesville Division of the Western District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) and (c), because Defendant is a corporation subject to

personal jurisdiction in the Charlottesville Division of the Western District of Virginia at the time this civil action is commenced.

## Personal Jurisdiction

8.    Defendant is subject to the personal jurisdiction of this Court under Federal Rule of Civil Procedure 4(k)(1)(A), which provides for the exercise of personal jurisdiction over a person "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Under applicable law, a court sitting in Virginia may exercise personal jurisdiction over a person who causes "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth." Va. Code § 8.01-328.1(A)(4).

9.    Defendant caused tortious injury to Plaintiff by, among other things, infringing the '700 and '518 Patents and the MicroAire trademarks and engaging in unfair competition against MicroAire. On information and belief, Defendant markets the accused products throughout the United States, the Mid-Atlantic region and the Commonwealth of Virginia, and has regularly done and solicited business in Virginia, has engaged in other persistent courses of conduct in and directed to Virginia, and has derived substantial revenue from providing liposuction equipment and supplies in Virginia.

10.    Defendant's contacts with Virginia are of sufficient scope to justify the exercise of personal jurisdiction in this case.  Among other things, Defendant transacts business in Virginia and derives substantial product revenue attributable to purchases of Defendant's liposuction products by customers located in Virginia: (i) Defendant purposefully availed itself of the

privileges of conducting activities in Virginia and thus invoked the benefits and protections of Virginia's laws; (ii) Defendant expressly aimed its conduct at Virginia; (iii) Defendant created continuing obligations with residents of Virginia, including, but not limited to, product warranty obligations; and (iv) Defendant's Virginia-aimed activities are the basis of Plaintiff's claims, inasmuch as, among other things, the claims relate to Defendant's liposuction products business. Given the extent of Defendant's Virginia-aimed activities, and the substantial connection between such activities and Plaintiff's claims against Defendant, this Court's exercise of personal jurisdiction over Defendant is constitutionally reasonable and consistent with traditional notions of fair play and substantial justice.

## IV.   BACKGROUND FACTS

11.   MicroAire is a worldwide distributor of medical and surgical equipment and supplies, including, but not limited to, liposuction equipment and supplies.

### A.   U.S. Patent Nos. 5,911,700 and 6,139,518

12.   MicroAire is the owner of U.S. Patent No. 5,911,700 for Power Assisted Liposuction and Lipoinjection Equipment, a copy of which is attached hereto as Exhibit A.

13.   MicroAire is the owner of U.S. Patent No. 6,139,518 for Power Assisted Liposuction and Lipoinjection Equipment, a copy of which is attached hereto as Exhibit B.

### B.   U.S. Trademark Registration Nos. 4,028,959, 4,028,958, 3,676,034, 3,091,920, 1,717,856, and 1,121,370

14.   MicroAire is the owner of U.S. Trademark Registration No. 4,028,959 for MICROAIRE (Stylized), a copy of which is attached hereto as Exhibit C.

15.     MicroAire is the owner of U.S. Trademark Registration No. 4,028,958 for MICROAIRE, a copy of which is attached hereto as Exhibit D.

16.     MicroAire is the owner of U.S. Trademark Registration No. 3,676,034 for MICROAIRE (Stylized), a copy of which is attached hereto as Exhibit E.

17.     MicroAire is the owner of U.S. Trademark Registration No. 3,091,920 for MICROAIRE, a copy of which is attached hereto as Exhibit F.

18.     MicroAire is the owner of U.S. Trademark Registration No. 1,717,856 for MICROAIRE (Stylized), a copy of which is attached hereto as Exhibit G.

19.     MicroAire is the owner of U.S. Trademark Registration No. 1,121,370 for MICRO-AIRE, a copy of which is attached hereto as Exhibit H.

### C.     Defendant's Patent Infringement, Trademark Infringement, and Unfair Competition

20.     The photograph attached as Exhibit I to this Complaint shows some of Defendant's products, including, but not limited to, an adapter marked "LIPOSALES" which has an attached cannula for use in liposuction procedures.

21.     Together, the adapter and cannula shown in the photograph attached as Exhibit I constitute a cannula assembly used in the same manner as the "cannula assembly" described in U.S. Patent No. 5,911,700 (the "'700 Patent"). The pictured cannula has a tip, a base, and a longitudinal axis as required by the '700 Patent. As depicted in the photograph, the cannula is connected to a connector at its base as required by the '700 Patent. On information and belief, the LipoSales adapter is designed to be used on MicroAire's PAL® brand Liposuction handpiece, meaning that it is connectable to the reciprocating member (identified as element "14" in the

drawings provided in the '700 Patent). As shown in the photograph attached as Exhibit I, the adapter is not attached to the PAL® handpiece; therefore, the adapter includes means for releasably attaching the connector to the handpiece as required by the '700 Patent. The adapter has no use other than to provide such connection to the PAL® handpiece.

22.     Together, the adapter and cannula shown in the photograph attached as Exhibit I constitute a cannula assembly used in the same manner as the "cannula assembly" described in U.S. Patent No. 6,139,518 (the "'518 Patent"). The pictured cannula has a tip, a base, and a longitudinal axis as required by the '518 Patent. As depicted in the photograph, the cannula is connected to a connector at its base as required by the '518 Patent. On information and belief, the LipoSales adapter is designed to be used on MicroAire's PAL® brand Liposuction handpiece, meaning that it is connectable to the reciprocating member (identified as element "14" in the drawings provided in the '518 Patent). As shown in the photograph attached as Exhibit I, the adapter is not attached to the PAL® handpiece; therefore, the adapter includes means for releasably attaching the connector to the handpiece as required by the '518 Patent. The adapter has no use other than to provide such connection to the ®handpiece.

23.     The photograph attached as Exhibit J shows a sign with the wording MICROAIRE displayed prominently in connection with Defendant's liposuction products.

24.     The order form attached as Exhibit K uses the wording MICROAIRE to describe aspiration tubing sold by Defendant for use in liposuction.

**D.     Notice of MicroAire's Intellectual Property Rights**

25.     MicroAire has placed a notice as to U.S. Patent No. 5,911,700 on the packages of MicroAire products embodying the patented invention.

26.     MicroAire has placed a notice as to U.S. Patent No. 6,139,518 on the packages of MicroAire products embodying the patented invention.

27.     On information and belief, before the infringement began, Defendant had actual knowledge of U.S. Patent Nos. 5,911,700 and 6,139,518 and their applicability to MicroAire's products.

28.     MicroAire has consistently used the *circle-R* trademark symbol (®) in conjunction with the MICROAIRE trademarks identified in Paragraphs 14-19 above.

29.     On information and belief, before the infringement began, Defendant had actual knowledge of U.S. Trademark Registration Nos. 4,028,959, 4,028,958, 3,676,034, 3,091,920, 1,717,856, and 1,121,370 and their applicability to MicroAire's products.

30.     By letter dated April 22, 2014, MicroAire provided Defendant written notice of the infringement of U.S. Patent Nos. 5,911,700 and 6,139,518 and U.S. Trademark Registration Nos. 4,028,959, 4,028,958, 3,676,034, 3,091,920, 1,717,856 and 1,121,370. The letter requested a response by May 5, 2014; however, Defendant did not respond.

## V.     COUNT ONE: INFRINGEMENT OF U.S. PATENT 5,911,700

31.     Each and every allegation made in Paragraphs 1-30 is incorporated by reference as if fully restated herein.

32.     On June 15, 1999, U.S. Patent No. 5,911,700 (the "'700 Patent"), which is attached hereto as Attachment A, was duly and legally issued to MicroAire as assignee. MicroAire has owned the '700 Patent throughout the period of Defendant's infringing acts and still owns the '700 Patent.

33.     Defendant has been infringing the '700 Patent and continues to do so by making, using, and selling specialized liposuction equipment that embodies the patented invention and infringes one or more of the claims of the '700 Patent, and Defendant will continue to do so unless enjoined by this Court.

34.     Defendant's infringement of the '700 Patent is the proximate cause of injury to MicroAire.

35.     Defendant is liable for infringement under 35 U.S.C. § 271(a).

36.     Defendant has been inducing infringement of the '700 Patent and continues to do so by making, using, and selling products which are intended to be used, and which are used, directly to infringe the '700 Patent. Defendant will continue to engage in such inducement of infringement unless enjoined by this Court.

37.     Defendant's inducement of infringement of the '700 Patent is the proximate cause of injury to MicroAire.

38.     Defendant is liable for inducement of infringement under 35 U.S.C. § 271(b).

39.     Defendant has been committing contributory infringement of the '700 Patent and continues to do so by making, using, and selling products which constitute a material part of the invention claimed by the '700 Patent, including, but not limited to, replacement parts and consumable supplies, knowing the products to be especially made or especially adapted for use in a manner that infringes the '700 Patent.  Defendant will continue to engage in such contributory infringement unless enjoined by this Court.

40.     Defendant's contributory infringement of the '700 Patent is the proximate cause of injury to MicroAire.

41.     Defendant is liable for contributory infringement under 35 U.S.C. § 271(c).

42.     Defendant's infringement, inducement of infringement, and contributory infringement of the '700 Patent is willful, wanton, and malicious and meets the standards for treatment as an exceptional case under the Patent Act.

43.     MicroAire suffers irreparable injury as a result of Defendant's infringement, inducement of infringement, and contributory infringement of the '700 Patent.

44.     Damages alone are inadequate to make MicroAire whole from Defendant's infringement, inducement of infringement, and contributory infringement of the '700 Patent.

45.     The harm to MicroAire from allowing Defendant to continue its ongoing infringement, inducement of infringement, and contributory infringement far exceeds any harm to Defendant from prohibiting further infringement of the '700 Patent.

46.     It is consistent with the public interest for this Court to prohibit further infringement, inducement of infringement, and contributory infringement of the '700 Patent by Defendant.

**Prayer for Relief Under Count One**

WHEREFORE, in view of the foregoing, MicroAire hereby prays for relief as follows:

    a.     A judgment that Defendant has infringed and continues to infringe the '700 Patent as alleged herein;

    b.     A judgment that Defendant's infringement has been willful;

    c.     A judgment against Defendant awarding MicroAire all damages to which it is entitled for patent infringement;

d.      A judgment that this is an exceptional case and that MicroAire be awarded its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

e.      A judgment that MicroAire be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284;

f.      A judgment awarding MicroAire prejudgment interest on any monetary award made part of the judgment against Defendant;

g.      Injunctive relief requiring Defendant to recall from distribution and to deliver to MicroAire for destruction or other disposition all remaining inventory of infringing products;

h.      A permanent injunction against further and continued infringement of the '700 Patent as alleged herein; and

i.      Such other legal and equitable relief as this Court deems to be just and proper.

## II.    COUNT TWO: INFRINGEMENT OF U.S. PATENT 6,139,518

47.     Each and every allegation made in Paragraphs 1-30 is incorporated by reference as if fully restated herein.

48.     On October 31, 2000, U.S. Patent No. 6,139,518 (the "'518 Patent"), which is attached hereto as Attachment B, was duly and legally issued to MicroAire as assignee. MicroAire has owned the '518 Patent throughout the period of Defendant's infringing acts and still owns the '518 Patent.

49.     Defendant has been infringing the '518 Patent and continues to do so by making, using, and selling specialized liposuction equipment that embodies the patented invention and infringes one or more of the claims of the '518 Patent, and Defendant will continue to do so unless enjoined by this Court.

50.     Defendant's infringement of the '518 Patent is the proximate cause of injury to MicroAire.

51.     Defendant is liable for infringement under 35 U.S.C. § 271(a).

52.     Defendant has been inducing infringement of the '518 Patent and continues to do so by making, using, and selling products which are intended to be used, and which are used, directly to infringe the '518 Patent. Defendant will continue to engage in such inducement of infringement unless enjoined by this Court.

53.     Defendant's inducement of infringement of the '518 Patent is the proximate cause of injury to MicroAire.

54.     Defendant is liable for inducement of infringement under 35 U.S.C. § 271(b).

55.     Defendant has been committing contributory infringement of the '518 Patent and continues to do so by making, using, and selling products which constitute a material part of the invention claimed by the '518 Patent, including, but not limited to, replacement parts and consumable supplies, knowing the products to be especially made or especially adapted for use in a manner that infringes the '518 Patent.  Defendant will continue to engage in such contributory infringement unless enjoined by this Court.

56.     Defendant's contributory infringement of the '518 Patent is the proximate cause of injury to MicroAire.

57.     Defendant is liable for contributory infringement under 35 U.S.C. § 271(c).

58.     Defendant's infringement, inducement of infringement, and contributory infringement of the '518 Patent is willful, wanton, and malicious and meets the standards for treatment as an exceptional case under the Patent Act.

59.     MicroAire suffers irreparable injury as a result of Defendant's infringement, inducement of infringement, and contributory infringement of the '518 Patent.

60.     Damages alone are inadequate to make MicroAire whole from Defendant's infringement, inducement of infringement, and contributory infringement of the '518 Patent.

61.     The harm to MicroAire from allowing Defendant to continue its ongoing infringement, inducement of infringement, and contributory infringement far exceeds any harm to Defendant from prohibiting further infringement of the '518 Patent.

62.     It is consistent with the public interest for this Court to prohibit further infringement, inducement of infringement, and contributory infringement of the '518 Patent by Defendant.

## Prayer for Relief Under Count Two

WHEREFORE, in view of the foregoing, MicroAire hereby prays for relief as follows:

a.     A judgment that Defendant has infringed and continues to infringe the '518 Patent as alleged herein;

b.     A judgment that Defendant's infringement has been willful;

c.     A judgment against Defendant awarding MicroAire all damages to which it is entitled for patent infringement;

d.    A judgment that this is an exceptional case and that MicroAire be awarded its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

e.    A judgment that MicroAire be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284;

f.    A judgment awarding MicroAire prejudgment interest on any monetary award made part of the judgment against Defendant;

g.    Injunctive relief requiring Defendant to recall from distribution and to deliver to MicroAire for destruction or other disposition all remaining inventory of infringing products;

h.    A permanent injunction against further and continued infringement of the '518 Patent as alleged herein; and

i.    Such other legal and equitable relief as this Court deems to be just and proper.

## III.    COUNT THREE: TRADEMARK INFRINGEMENT

63.    Each and every allegation made in Paragraphs 1-30 is incorporated by reference as if fully restated herein.

64.    MicroAire is the owner of U.S. Trademark Registration Nos. 4,028,959, 4,028,958, 3,676,034, 3,091,920, 1,717,856, and 1,121,370, copies of which are attached as Exhibits C, D, E, F, G, and H.

65.    Defendant's use of MICROAIRE to identify Defendant's products is likely to continue to case confusion, mistake, or deception as to the source, origin, sponsorship or

approval of Defendant's products, in that purchasers and others are likely to believe that MicroAire authorizes or controls Defendant's products or that Defendant is associated with or related to MicroAire and its MICROAIRE products

66.     Defendant's use of MICROAIRE constitutes trademark infringement in violation of the Trademark Act, 15 U.S.C. § 1114, and such trademark infringement will continue unless enjoined by this Court.

67.     Defendant's wrongful use of MICROAIRE is a deliberate, intentional and willful attempt to injurE MicroAire's business, to trade on MicroAire's business reputation, and to confuse or deceive purchasers and meets the standards for treatment as an exceptional case under the Trademark Act.

68.     Defendant's infringement of the MICROAIRE trademarks is the proximate cause of injury to MicroAire.

69.     MicroAire suffers irreparable injury as a result of Defendant's infringement of the MICROAIRE trademarks.

70.     Damages alone are inadequate to make MicroAire whole from Defendant's infringement of the MICROAIRE trademarks.

71.     The harm to MicroAire from allowing Defendant to continue its ongoing infringement far exceeds any harm to Defendant from prohibiting further infringement of the MICROAIRE trademarks.

72.     It is consistent with the public interest for this Court to prohibit further infringement of the MICROAIRE trademarks by Defendant.

-14-

**Prayer for Relief Under Count Three**

WHEREFORE, in view of the foregoing, MicroAire hereby prays for relief as follows:

a.   A judgment that Defendant has infringed and continues to infringe the MICROAIRE trademarks as alleged herein;

b.   A judgment that Defendant's infringement has been willful;

c.   A judgment against Defendant awarding MicroAire all damages, including, but not limited to compensatory damages and profits realized by Defendant through its wrongful acts, to which MicroAire is entitled for trademark infringement;

d.   A judgment that this is an exceptional case and that MicroAire be awarded its expenses, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117;

e.   A judgment that MicroAire be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 15 U.S.C. § 1117;

f.   A judgment awarding MicroAire prejudgment interest on any monetary award made part of the judgment against Defendant;

g.   Injunctive relief requiring Defendant to recall from distribution and to deliver to MicroAire for destruction or other disposition all products, product packaging, advertisements, promotional materials, and marketing materials which infringe the MICROAIRE trademarks as alleged herein;

h.   A permanent injunction against further and continued infringement of the MICROAIRE trademarks as alleged herein; and

-15-

i.      Such other legal and equitable relief as this Court deems to be just and

proper.

**IV.    COUNT FOUR: UNFAIR COMPETITION**

73.     Each and every allegation made in Paragraphs 1-30 is incorporated by reference as

if fully restated herein.

74.     Defendant's use of MICROAIRE to identify Defendant's products constitutes

unfair competition in violation of the Trademark Act, 15 U.S.C. § 1125, and such unfair

competition will continue unless enjoined by this Court.

75.     Defendant's unfair competition is a deliberate, intentional and willful attempt to

injure MicroAire's business, to trade on MicroAire's business reputation, and to confuse or

deceive purchasers and meets the standards for treatment as an exceptional case under the

Trademark Act.

76.     Defendant's unfair competition is the proximate cause of injury to MicroAire.

77.     MicroAire suffers irreparable injury as a result of Defendant's unfair competition.

78.     Damages alone are inadequate to make MicroAire whole from Defendant's unfair

competition.

79.     The harm to MicroAire from allowing Defendant to continue its ongoing

infringement far exceeds any harm to Defendant from prohibiting unfair competition.

80.     It is consistent with the public interest for this Court to prohibit further unfair

competition by Defendant.

**Prayer for Relief Under Count Four**

WHEREFORE, in view of the foregoing, MicroAire hereby prays for relief as follows:

a.      A judgment that Defendant has engaged in unfair competition in violation of 15 U.S.C. § 1125, as alleged herein;

b.      A judgment that Defendant's unfair competition has been willful;

c.      A judgment against Defendant awarding MicroAire all damages, including, but not limited to compensatory damages and profits realized by Defendant through its wrongful acts, to which MicroAire is entitled for unfair competition;

d.      A judgment that this is an exceptional case and that MicroAire be awarded its expenses, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117;

e.      A judgment that MicroAire be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 15 U.S.C. § 1117;

f.      A judgment awarding MicroAire prejudgment interest on any monetary award made part of the judgment against Defendant;

g.      Injunctive relief requiring Defendant to recall from distribution and to deliver to MicroAire for destruction or other disposition all products, product packaging, advertisements, promotional materials, and marketing materials by which Defendant unfairly competes against MicroAire as alleged herein;

h.      A permanent injunction against further and continued unfair competition

against MicroAire as alleged herein; and

i.      Such other legal and equitable relief as this Court deems to be just and

proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues triable to a jury in this matter.

Date: May 29, 2014                          Respectfully submitted,

/s/  Robert N. Cook
_____
Michael E. Whitham (Bar No. 31613)
Robert N. Cook (Bar No. 36411)
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com

Counsel for Plaintiff
MICROAIRE SURGICAL INSTRUMENTS LLC