# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between MicroAire Surgical Instruments LLC, a Delaware limited liability company having its principal place of business located at 3590 Grand Forks Boulevard, Charlottesville, Virginia 22911 ("MicroAire"), and LipoSales, Inc., a New York corporation having its principal place of business located at 453 Main Street, Suite 3, Farmingdale, New York 11735 ("LipoSales").

## BACKGROUND

On or about May 29, 2014, MicroAire commenced a civil action against LipoSales in the U.S. District Court for the Western District of Virginia, Case No. 3:14CV27, alleging (i) that LipoSales was infringing U.S. Patent Nos. 5,911,700 and 6,139,518 belonging to MicroAire, (ii) that LipoSales was infringing U.S. Trademark Registration Nos. 4,028,959, 4,028,958, 3,676,034, 3,091,920, 1,717,856, and 1,121,370 belonging to MicroAire, and (iii) that LipoSales was engaging in unfair competition against MicroAire (the "Litigation").

As of the effective date of this Agreement, MicroAire and LipoSales have reached mutually agreeable terms for settling the Litigation, as described herein below.

NOW, THEREFORE, in consideration of the premises and mutual obligations contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, MicroAire and LipoSales agree as follows:

**1.     Definitions**

   1.1.    The term "Adapter" shall mean any adapter which permits a cannula to be used for liposuction in conjunction with any power-assisted handpiece offered for sale by MicroAire, including, without limitation, MicroAire PAL products.

   1.2.    The term "Court" shall mean the U.S. District Court for the Western District of Virginia.

   1.3.    The term "Effective Date" shall mean the date as of which this Agreement becomes fully executed by or on behalf of both of the Parties, as indicated below.

   1.4.    The term "LipoSales" shall mean LipoSales, Inc., a New York corporation having its principal place of business located at 453 Main Street, Suite 3, Farmingdale, New York 11735, its parents, subsidiaries, affiliates and divisions, and their successors, employees and permitted assigns.

   1.5.    The term "Litigation" shall mean the civil action styled *MicroAire Surgical Instruments LLC v. LipoSales, Inc.* pending as of the Effective Date hereof before the U.S. District Court for the Western District of Virginia, Case No. 3:14CV27.

1.6. The term "MicroAire" shall mean MicroAire Surgical Instruments LLC, a Delaware limited liability company having its principal place of business located at 3590 Grand Forks Boulevard, Charlottesville, Virginia 22911, and its parents, subsidiaries, affiliates and divisions, and their successors, employees and permitted assigns.

1.7. The term "Party" shall mean either LipoSales or MicroAire, and the term "Parties" shall mean both LipoSales and MicroAire.

1.8. The term "Patents" shall mean U.S. Patent Nos. 5,911,700 and 6,139,518, and the term "Patent" shall refer to either U.S. Patent No. 5,911,700 or U.S. Patent No. and 6,139,518.

1.9. The term "Trademarks" shall mean U.S. Trademark Registration Nos. 4,028,959, 4,028,958, 3,676,034, 3,091,920, 1,717,856, and 1,121,370, and the term "Trademarks" shall refer to any of the following: U.S. Trademark Registration No. 4,028,959, U.S. Trademark Registration No. 4,028,958, U.S. Trademark Registration No. 3,676,034, U.S. Trademark Registration No. 3,091,920, U.S. Trademark Registration No. 1,717,856, or U.S. Trademark Registration No. 1,121,370.

**2. Agreement of the Parties**

2.1. As of the Effective Date, and continuing for as long as either of the Patents remains in effect, LipoSales shall not manufacture, distribute, use, sell, or offer for sale any Adapters in the United States.

2.2. As of the Effective Date, and continuing for as long as any of the Trademarks remains in effect, LipoSales shall not associate the name "MicroAire" with products manufactured or distributed, sold or offered for sale by LipoSales; provided, however, LipoSales may state that that tubing "can be used with MicroAire products" if and only if such a statement is true and is accompanied by a disclaimer that "LipoSales is not an authorized distributor of MicroAire products"; and further provided that references to MicroAire shall not be emphasized and shall be in the same font and lettering as surrounding text.

2.3. Within seven (7) days of the Effective Date, LipoSales shall provide MicroAire with a certification, in the form attached hereto as Attachment A, (i) attesting that LipoSales has recalled all Adapters previously distributed by LipoSales in the United States, (ii) attesting that LipoSales has destroyed all Adapters in its possession, custody and control, (iii) attesting as to the identity of the manufacturer of the Adapters, (iv) attesting that LipoSales has destroyed all Adapter-related promotional materials in its possession, custody and control, and (v) attesting that LipoSales has destroyed all promotional materials in its possession, custody and control which mention MicroAire but do not conform to the requirements of Section 2.2 of this Agreement.

2.4. Within three (3) days of the date on which LipoSales has provided a certification which meets the requirements of Section 2.3, above, MicroAire shall file with the Court a Notice of Dismissal in the form attached to this Agreement as Attachment B.

2.5. Nothing in this Agreement shall be deemed an acceptance or admission by either Party of liability to the other Party in connection with any matter alleged in or arising out of the Litigation.

**3. Miscellaneous**

3.1. Attachments. The attachments referred to in this Agreement are incorporated herein by reference.

3.2. Term. This Agreement shall come into force on the Effective Date and continue in full force and effect for as long as LipoSales's obligations under Sections 2.1 and 2.2 of this Agreement remain in effect.

3.3. Entire Agreement. This Agreement, with the attachments hereto, contains the final and complete contract of the Parties and supersedes all prior oral or written promises, undertakings, understandings or negotiations concerning the subject matter of this Agreement. This Agreement shall inure to the benefit of and be binding upon the Parties and their successors and permitted assigns.

3.4. Modification. No alterations or variations of the terms and provisions of this Agreement shall be valid unless made in writing and signed by all of the Parties hereto or their successors or assigns.

3.5. Nonwaiver. Neither the failure of any Party to enforce at any time any of the provisions of this Agreement nor the granting at any time of any other indulgence shall be construed as a waiver of that provision or of the right of any Party afterwards to enforce that or any other provision. This Agreement may not be amended, nor any obligation waived, except by a writing signed by the Parties.

3.6. No Fiduciary or Agency Relationship. This Agreement does not create a fiduciary relationship between the Parties. Nothing in this Agreement is intended to make either Party an agent, legal representative, subsidiary, joint venturer, partner, employee or servant of the other for any purpose whatsoever.

3.7. Cooperation. The Parties shall cooperate in good faith to accomplish the purposes and objectives of this Agreement.

3.8. Severability. The provisions of this Agreement are severable, and if any provision of this Agreement is rendered or deemed void, unenforceable, or otherwise ineffective by operation of law, the other provisions of this Agreement shall not be affected and shall remain in full force and effect, and the Parties shall negotiate in good faith to replace such illegal, void or unenforceable provision with a provision that corresponds as closely as possible to the intentions of the Parties in this Agreement as expressed by such illegal, void or unenforceable provision

3.9. <u>Governing Law and Jurisdiction</u>. This Agreement shall be construed and governed by the laws of the Commonwealth of Virginia and of the United States of America; provided, however, this Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting or causing any instrument to be drafted. Any action to enforce this Agreement shall be brought before the United States District Court for the Western District of Virginia. By its execution and delivery of this Agreement, each Party hereby accepts the jurisdiction of the Court for such purpose. The Parties hereby agree and stipulate that, in the event of any such action to enforce this Agreement, any and all reasonable attorneys' fees and other costs and expenditures associated with the action shall be paid to the prevailing Party by the non-prevailing Party if a court finds that the non-prevailing Party has breached this Agreement.

3.10. <u>Counterparts</u>. This Agreement may be executed simultaneously in two or more parts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument. It shall not be necessary in making proof of this document or any counterpart hereof to produce or account for any of the other counterparts.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed by their authorized representatives as of the dates indicated below:

| LIPOSALES | MICROAIRE |
|---|---|
| By: *[signature]* | By: _____ |
| Name: BARRY DAVIS | Name: _____ |
| Title: PRESIDENT | Title: _____ |
| Address: 453 MAIN ST. STE 3 | Address: _____ |
| FARMINGDALE, NY 11735 | _____ |
| Date: 9/30/2014 | Date: _____ |

3.9. <u>Governing Law and Jurisdiction</u>. This Agreement shall be construed and governed by the laws of the Commonwealth of Virginia and of the United States of America; provided, however, this Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting or causing any instrument to be drafted. Any action to enforce this Agreement shall be brought before the United States District Court for the Western District of Virginia. By its execution and delivery of this Agreement, each Party hereby accepts the jurisdiction of the Court for such purpose. The Parties hereby agree and stipulate that, in the event of any such action to enforce this Agreement, any and all reasonable attorneys' fees and other costs and expenditures associated with the action shall be paid to the prevailing Party by the non-prevailing Party if a court finds that the non-prevailing Party has breached this Agreement.

3.10. <u>Counterparts</u>. This Agreement may be executed simultaneously in two or more parts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument. It shall not be necessary in making proof of this document or any counterpart hereof to produce or account for any of the other counterparts.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed by their authorized representatives as of the dates indicated below:

| LIPOSALES | MICROAIRE |
|---|---|
| By: _____ | By: _*signature*_ |
| Name: _____ | Name: George Saiz |
| Title: _____ | Title: President |
| Address: _____ | Address: 3590 Grand Forks Blvd. |
|  | Charlottesville, VA 22911 |
| Date: _____ | Date: October 7, 2014 |